UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00143-GNS
CRIMINAL ACTION NO. 1:15-CR-00011-GNS

CHRISTOPHER ALLEN COX                                                      MOVANT/DEFENDANT

VS.

UNITED STATES OF AMERICA                                                   RESPONDENT/PLAINTIFF

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

### BACKGROUND

The movant/defendant, Christopher Allen Cox ("Cox"), proceeding *pro se*, filed a motion to vacate, set aside or correct sentence ("motion to vacate"), pursuant to 28 U.S.C. § 2255 (DN 30). The respondent/plaintiff, United States of America ("United States"), has filed a response (DN 36). Cox has not filed a reply. The District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter (DN 68). This matter is ripe for determination.

### FINDINGS OF FACT

On May 13, 2015, a federal grand jury for the Western District of Kentucky at Bowling Green returned an eight count indictment against Cox arising out of his possession of four firearms while being a prior convicted felon (Counts 1-4) and a person who has been convicted of a

misdemeanor crime of domestic violence (Counts 5-8) (DN 1). On November 23, 2015, Cox entered into a plea agreement with the United States (DN 17). In the plea agreement Cox acknowledged that he had been charged with violations of 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924(a)(2) (DN 17 PageID # 34). Cox agreed to enter a voluntary plea of guilty to counts 1-8 because he was in fact guilty of the charges and he agreed to the factual basis for his plea (Id.). Pursuant to the terms of the plea agreement Cox waived his right "to contest or collaterally attack his conviction and the resulting sentence under 28U.S.C. § 2255 or otherwise" unless he was alleging that his conviction and/or sentence was based on a claim of ineffective assistance of counsel or prosecutorial misconduct (Id. PageID # 38). Above Cox's signature is a statement indicating he read and carefully reviewed every part of the plea agreement with his attorney, and fully understood and voluntarily agreed to the terms of the plea agreement (Id. PageID # 40). Above defense counsel's signature is a statement indicating that he carefully reviewed every part of the plea agreement with Cox, and to defense counsel's knowledge Cox made an informed and voluntary decision to enter into the plea agreement (Id.).

The District Judge conducted the change of plea hearing on November 23, 2015 (DN 18). Based on Cox's answers while under oath, the District Judge found Cox fully competent and capable of entering an informed plea; he wished to waive is Constitutional rights; his plea was made with advice of counsel; he was advised of the maximum and minimum sentence that could be imposed; and a factual basis for the plea had been established (Id.).

On March 8, 2016, the District Judge conducted Cox's sentencing hearing (DN 34 Sentencing Transcript). In pertinent part the sentencing transcript reads as follows:

THE COURT: Very well.

Yes, I find the criminal history reflected in the presentence investigation report to be notable for its length, its consistency, and frankly I think that the 24-month sentence in the plea agreement is not enough. I simply don't think it's enough in this instance.

However, as with two cases I have done this morning, I intend to recommend that Mr. Cox be enrolled in an RDAP program in prison, which will allow him, is my understanding, to get 12 months of his sentence reduced upon successful completion.

Obviously drugs and alcohol have ruined your life. I've always understood that you have to hit rock bottom, and I don't know how you can get much further down than this. Except for, thank God, you didn't kill somebody. That's the one saving grace. And flipping through the 25 or 30 convictions, going back for 15 years, for such a young man, it's just -- it's very concerning.

So I'm going to pronounce the sentence in this matter. First, with regard to the plea agreement, Count 1 will merge with Count 5, Count 2 will merge with Count 6, Count 3 will merge with Count 7, Count 4 will merge with Count 8, because as I understand it, the same guns essentially were --

MR. REAM: Yes, sir.

THE COURT: -- counted in two separate offenses. So those counts will each be merged.

Having considered the advisory sentencing guidelines and 18 U.S.C. 3553(a), the court imposes the following sentence:

It's the judgment of the court that the defendant is committed to the custody of the Bureau of Prisons for a term of 36 months as to each of Counts 1, 2, 3, and 4 in the indictment, which shall be served concurrently, for a total term of 36 months' imprisonment.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years as to each of Counts 1, 2, 3, and 4, which shall run concurrently, for a total term of 3 years.

And as I said, if you complete this RDAP program, it's my understanding that 12 months of that will be subtracted. So in essence this is the plea agreement that you-all reached, but my one

> hope is that by completing that program you'll be able to change your life. It's my understanding that it can.
>
> But so long as you're addicted to alcohol and drugs, your life is going to continue to be a revolving door through the criminal justice system. So that RDAP program, I hope you devote yourself to that and to getting off alcohol and drugs. I think it's your only chance.
>
> MS. WYROSDICK: Your Honor, may I -- I'm sorry.
>
> PROBATION OFFICER: I'm sorry. I was just going to say that because his charges are gun - related, he can get into the drug program, but he won't get time off on his sentence --
>
> MS. WYROSDICK: That's what I was going to say too, sir.
>
> THE COURT: Okay.
>
> MS. WYROSDICK: I was -- I don't mean to interrupt Your Honor in the pronouncement of the sentence, but I was also under the impression that if the court were going to upwardly depart from the sentencing guideline range that appropriate notice had to be given to the defense. I don't have the case law with me. I could certainly research that.
>
> THE COURT: No. I have seen that before.
> Well, I'll stay within the guideline range then. The sentence will be 30 months, but the key is to successfully complete that RDAP program. So the sentence will be 30 months for each count, to be served concurrently, with 3 years of supervised release following the term of imprisonment. . . .

(Id. PageID # 176-78). The judgment was entered on March 14, 2016 (Id.).

On September 2, 2016, Cox filed his motion to vacate (DN 30). Cox believes that "the Court, with agreement of the parties, increased the applicable sentenced to 30 months, 9 months more than the top-end of the established guideline range" (Id. PageID # 150). Cox contends that this "upward variance was **specifically** imposed to allow [him] to be placed in, and participate in the Bureau of Prisons (BOP) Residential Drug Treatment Program (RDAP)" (Id.) (emphasis in

4

original). Cox contends the "RDAP placement was considered by the Court, together with the one (1) year sentence reduction under 18 U.S.C. § 3621" (Id.). Cox asserts that after being transferred into the BOP, he was notified that he was not eligible for RDAP placement (Id.). Cox reasons since he is "not eligible for RDAP placement/participation, and any corollary sentence reduction, the practical effect is to deny [him] specific performance and due process of his admission and plea bargained sentence" (Id.). Because he is serving a sentence in excess of the term authorized by the guideline, Cox argues that the court should vacate his sentence of 30 months, and resentence him to no more than 21 months (Id.). Cox asserts because he has already served the 21 month term, the court should grant his immediate release (Id. PageID # 155). Additionally, Cox has included a copy of a certificate indicating he successfully completed the Non-Residential Drug Treatment Program offered at his prison (DN 30-1 PageID # 159).

The United States argues the motion to vacate should be dismissed because Cox waived his right to collaterally attack his sentence in the plea agreement (DN 36). Additionally, the United States argues that Cox's motion to vacate is "based upon erroneous facts as to the circumstances of the sentencing hearing and his motion should therefore be denied" (Id. at PageID # 185).

## CONCLUSIONS OF LAW

### A

The Sixth Circuit has consistently held that a defendant's knowing, intelligent, and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable. *See e.g.* Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999). Additionally, the Sixth Circuit has held "[w]hen a defendant knowingly, intelligently, and voluntarily waives the right to

5

collaterally attack his or her sentence, he or she is precluded from bring [sic] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001). However, a movant may raise a challenge that goes to the very validity of his waiver, such as a claim that his guilty plea was not knowing and voluntary or was the product of ineffective assistance of counsel. In re Acosta, 480 F.3d 421, 422 (6th Cir. 2007).

Pursuant to the terms of the plea agreement Cox waived his right to collaterally attack his sentence unless he is alleging that his sentence is the product of ineffective assistance of counsel or prosecutorial misconduct (Id. PageID # 38). Cox has not made such an allegation (*see* DN 30). Additionally, Cox has not challenged the validity of his waiver of the right to collaterally attack his sentence (Id.). Further, the evidence in the record indicates Cox knowingly, intelligently and voluntarily waived the right to collaterally attack his sentence. Therefore, the waiver provision within his plea agreement should be enforced and Cox's motion to vacate should be dismissed.

Additionally, the Court originally intended to sentence Cox to 36 months imprisonment with the expectation that Cox would receive a 12 month reduction of that sentence if he successfully completed the RDAP program (DN 34 PageID # 176-78). However, the probation officer and defense counsel advised the Court that Cox would not be eligible for a sentence reduction if he successfully completed the RDAP program because the charges were gun related (Id.). Further, defense counsel pointed out that Cox was entitled to appropriate notice if the Court intended to upwardly depart from the sentencing guideline range (Id. PageID # 178). The Court was aware that the applicable guideline range was 24 to 30 months imprisonment because Cox had a total offense level of 13 and a criminal history category of IV (Id. PageID # 179). Therefore, the Court sentenced Cox to 30 months imprisonment, the top of the guideline range, and encouraged

Cox to successfully complete the RDAP program, even though Cox would not be eligible for a sentence reduction (Id. PageID # 178). Thus, contrary to Cox's assertion, the Court did not impose a sentence that exceeded the top end of the applicable guideline range by nine months. Further, the Court imposed the 30 month sentence because it did not believe that a 24 month sentence was sufficient in light of Cox's criminal history. In sum, Cox's motion to vacate is based upon an erroneous interpretation of the facts.

B

In Slack v. McDaniel, the Supreme Court established a two-pronged test that is used to determine whether a Certificate of Appealability should issue on a habeas claim denied on procedural grounds. Id. 529 U.S. 473, 484-485 (2000). To satisfy the first prong of the Slack test, Cox must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Id. at 484. To satisfy the second prong, Cox must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[1] Id. Notably, the Court need not conduct the two-pronged inquiry in the order identified or even address both parts if Cox makes an insufficient showing on one part.[2] Id. at 485. For example, if the Court determines Cox failed to satisfy the procedural prong then it need not determine whether the constitutional prong is satisfied. Id.

---

[1] "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

[2] "Each component of the § 2253(c) showing is part of a threshold inquiry, and a Court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue of whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

For the reasons set forth above, reasonable jurists would conclude that Cox's motion to vacate is barred by the waiver provision within his plea agreement. Therefore, the undersigned does not recommend the issuance of a Certificate of Appealability.

## RECOMMENDATION

For the above stated reasons, the undersigned recommends the Court **DISMISS** Cox's motion to vacate brought pursuant to 28 U.S.C. § 2255 (DN 30). Further, the undersigned does not recommend the issuance of a Certificate of Appealability.

## **NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b)(1), the undersigned magistrate judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(2)  If a party has objections, such objections must be timely filed or further appeal is waived.  Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

Copies:      Christopher Allen Cox, *pro se*
             Counsel of Record